UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN BARRAGAN,<br><br>Defendant. | 1:13-cr-432-LJO<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** (Doc. 38) |

The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10. The Court hereby denies the motion.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the

defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. Dillon v. United States, 130 S.Ct. 2691 (2010).

In this case, the Court found a base a base offense level of 34 for the amount of controlled substance involved in the case, a three level enhancement for the defendant's role in the offense, a three level reduction for acceptance of responsibility, and a criminal history category of III. The adjusted offense level of 35 provided for a guideline range of 210 to 262 months. However, due to the maximum statutory sentence of five years for a violation of using an interstate facility in aid of racketeering, the guideline range became 60 months pursuant to 5G1.1(a). The Court sentenced the defendant to the 48-month agreed upon sentence of the parties on September 15, 2014.

Amendment 782 has not reduced the guideline range applicable in the defendant's case. While the drug quantity table has reduced his base offense level, the bottom of the defendant's sentencing guideline is still the 60-month mandatory minimum sentence pursuant to U.S.S.G. § 5G1.1(c)(2). Therefore, the defendant's sentencing range has not changed. The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated: **January 15, 2015**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE