# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:13-cr-000432 LJO |
| Plaintiff, | ORDER RE REQUEST FOR CLARIFICATION (DOC. 47) AND REQUEST (DOC. 48) |
| v. | |
| MARTIN BARRAGAN, | |
| Defendant. | |

Defendant previously filed a motion under 18 U.S.C. § 3582(c)(2) ("Section 3582"), seeking a reduction in his sentence on the basis of Amendment 782 to the United States Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses. Doc. 38. In a January 15, 2015 Order, Defendant's original Section 3582 Motion was denied on the merits because Defendant is not eligible to benefit from Amendment 782. Doc. 44.

On June 22, 2015, the Court received a communication from Defendant dated June 17, 2015, in which Defendant asks for clarification of this Court's January 15, 2015 Order.[1] Doc. 47. In his request for clarification, Defendant does not ask any questions about the January 15, 2015 Order. Rather, he asks questions pertaining to the propriety of his underlying sentence, the contents of his presentence investigation report, and his counsel's actions and performance prior to his plea and sentence. This Court lacks jurisdiction to address Defendant's concerns. Section 3582 grants this Court limited

---

[1] Defendant actually asks for clarification of Document 42-1, which is the United States' proposed order denying his motion to reduce sentence, which is substantively similar to the order ultimately adopted by the Court, Doc. 44.

1

jurisdiction to correct and/or amend sentences under specific circumstances which the Court has already determined do not apply here. *See* Doc. 44.

On July 6, 2015, Defendant filed a second, formal request for a reduction of his sentence. Doc. 48. However, that request raises no new arguments or issues, let alone any arguments that would change the analysis in the Court's January 15, 2015 Order. Accordingly, Defendant's second 3582 Motion is DENIED.

The Court cannot determine in the abstract whether it would have jurisdiction to address any of Defendant's concerns in the context of a motion brought pursuant to 28 U.S.C. § 2255, but notes that, in his plea agreement, Defendant waived the right to challenge any aspect of his guilty plea, conviction, or sentence, except for non-waivable claims.

IT IS SO ORDERED.

Dated: **August 1, 2015**      /s/ **Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

2