# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO: 1:13-cr-00432-LJO-SKO |
| **Plaintiff-Respondent,** | |
| v. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| **MARTIN BARRAGAN,** | |
| **Defendant-Petitioner.** | |
| | (ECF No. 50) |

## I.     INTRODUCTION

On June 20, 2016, Petitioner Martin Barragan filed a *pro se* "Motion for Resentencing Pursuant to *Johnson v. U.S.* and For Appointment of Counsel." ECF No. 50. Petitioner did not specify whether the motion was pursuant to Title 28, United States Code, Section 2255 ("§ 2255").

On July 6, 2016 the Court issued an Order notifying Petitioner of the Court's intent to re-characterize his motion as a § 2255 motion, referring the motion to the Federal Defender's Office ("FDO"), and setting an initial briefing schedule. ECF No. 52.

On September 16, 2016, the FDO filed notice that it would not supplement Petitioner's Motion and requested withdrawal as counsel in this case. ECF No. 58. On September 22, 2016, the Court notified Petitioner of its intention to re-characterize his motion as a § 2255 motion, the consequences of doing so, and provided Petitioner with the opportunity to withdraw or amend his motion. ECF No. 59. The Court ordered Petitioner to respond by no later than November 25, 2016, and warned Petitioner that

his failure to respond would result in the Court re-characterizing his motion and proceeding to rule upon the motion as Petitioner filed it. *Id.* at 2. To date, Petitioner has not filed a response to the Court's notice. Upon review of Petitioner's motion and the record in this case, the Court does not believe a response by the Government is necessary. For the reasons that follow, the Court DENIES Petitioner's motion.

## II.  BACKGROUND

On June 18, 2014, Petitioner was indicted on a Superseding Information for violating 18 U.S.C. § 1952(a)(3)(A), use of an interstate facility in aid of racketeering. ECF No. 25. Assisted by counsel, Petitioner pled guilty to this offense pursuant to a written plea agreement with the Government on June 23, 2014. ECF No. 31 at 4.

According to Petitioner's Presentence Investigation Report ("PSR"), the base offense level for Petitioner's offense was 34, based on the quantity of controlled substances involved. ECF No. 31 ¶ 15. Because Petitioner was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, the PSR added 4 levels pursuant to section 3B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G."). *Id.* ¶ 18. Because Petitioner demonstrated acceptance of responsibility, the PSR decreased his offense level by 3 pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 35. *Id.* ¶¶ 22-24. With a criminal history category of III, and a total offense level of 35, the PSR determined Petitioner's Guidelines sentence to be 60 months pursuant to U.S.S.G. § 5G1.1(a). *Id.* at 13. However, the PSR noted that pursuant to the plea agreement, the parties had agreed that a 48-month sentence was appropriate in this case. *Id.*; *see also* ECF No. 33 (Government's sentencing memorandum, which states that the parties "agreed pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that a sentence of 48 months would be an appropriate disposition of the case.").

The Court sentenced Petitioner to a 48-month term of imprisonment on September 15, 2014. ECF No. 37.

//

### III. LEGAL FRAMEWORK

**A. 28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack … .

28 U.S.C. § 2255(a). Generally, it is only a narrow range of claims that fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

**B. *Johnson v. United States***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> *(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "force clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson*, 135 S. Ct. at 2556-57, 2563 (2015); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016); *United States v. Bell*, 158 F. Supp. 3d 906, 911-12 (N.D. Cal. 2016).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual

clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563.

## IV.  DISCUSSION

In his motion, Petitioner asserts that his sentence was enhanced with prior offenses for driving without a license and illegally re-entering the country to which he does not remember pleading guilty. ECF No. 50 at 2. He implies that the Court erred in adopting the finding of his criminal history category to be III. *See id.*

According to the PSR, two of Petitioner's adult criminal convictions received criminal history points: 1) a misdemeanor offense for the unlicensed operation of a vehicle for which he was sentenced to 3 years of probation on July 1, 2008; and 2) a misdemeanor offense for driving without a license, for which he was sentenced to 3 years of probation on June 10, 2010. PSR ¶¶ 28-29. The PSR indicates that Petitioner received an additional 2 points to his criminal history calculation because he committed the 18 U.S.C. § 1952(a)(3)(A) offense while on probation. *Id.* ¶ 31. As a result, the PSR found Petitioner's total criminal history score to be 4, and pursuant to the U.S.S.G. Sentencing Table, determined Petitioner's criminal history category to be III. *Id.* ¶¶ 32-33.

It is clear from the record that Petitioner was not sentenced pursuant to the ACCA. Furthermore, the calculation of Petitioner's criminal history did not in any way rely upon the language that the Supreme Court invalidated in *Johnson*, which is only invoked by offenses punishable by at least one year of imprisonment. *See* 18 U.S.C. § 924(e)(2)(B). As mentioned above, neither of Petitioner's offenses that received criminal history points was a crime punished by imprisonment. Rather, each offense received 1 criminal history point pursuant to U.S.S.G. § 4A1.1(c), which instructs that 1 criminal history point be added for each prior sentence that was less than a sixty-day term of imprisonment. Because Petitioner's criminal history was accurately computed in accordance with the U.S.S.G and he has asserted no other § 2255 claims, Petitioner's sentence was properly imposed and the

Court must DENY his § 2255 motion.[1]

## V. CONCLUSION AND ORDERS

For the reasons above, the Court **DENIES** Petitioner's § 2255 motion (ECF No. 50).

Furthermore, because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is **DIRECTED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: **February 3, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[1] The Court acknowledges that Petitioner has submitted with his § 2255 motion documentation reflecting that he has made efforts towards self-improvement and rehabilitation while in prison. The Court commends Petitioner for these efforts and notes that its denial of Petitioner's motion is not a reflection of Petitioner's character, but is a matter of law.